**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Zineddine TIROUDA, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Zoubida Amirat Tirouda, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Salah Tirouda, Defendant—Appellant.**

Nos. 06–50407 to 06–50409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2007.

Filed May 29, 2007.

[redacted]

Michael G. Wheat, Esq., Roger W. Haines, Jr., Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Federal Defenders of San Diego, Inc., Michael J. McCabe, Esq., Law Offices of Michael J. McCabe, Robert A. Garcia, Esq., San Diego, CA, for Defendants–Appellants.

[redacted]

Before: FISHER and CLIFTON, Circuit Judges, and FOGEL *, District Judge.

MEMORANDUM **

Zineddine, Zoubida, and Salah Tirouda appeal from the district court's denial of their joint *Batson* challenge. We affirm.

The Tiroudas argue that during voir dire the prosecutor struck two prospective jurors based on their Hispanic ethnicity and in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The procedural posture of this case requires us to address only the third step of the *Batson* process: that is, "whether the opponent of the strike has carried his burden of proving purposeful discrimination." *Kesser v. Cambra,* 465 F.3d 351, 359 (9th Cir.2006) (en banc) (citation omitted). At this stage of the analysis, the trier of fact must determine "whether counsel's race-neutral explanation for a peremptory challenge should be believed" in light of the totality of the relevant facts. *Hernandez v. New York,* 500 U.S. 352, 363, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

During voir dire, the prosecutor offered " 'clear and reasonably specific' explanation[s] of his 'legitimate reasons' for exercising the challenges" of prospective jurors Ojeda and Rodriguez. *Batson,* 476 U.S. at 98 n. 20, 106 S.Ct. 1712 (citation omitted). For example, he found objectionable that Ms. Ojeda was "a professor, a teacher" who had "experience with foreign documents" and an "individual experience" that would not "translate well" with others. The record supports this explanation. Ms. Ojeda's experience with foreign documents and professional research, as well as her expressed sensitivity to the interpretation of official documents, distinguished her from other jurors in a manner potentially relevant to the substance of the charged offenses.

Likewise, scant evidence "undermines the credibility of the prosecutor's stated justification" for striking Mr. Rodriguez. *McClain v. Prunty,* 217 F.3d 1209, 1222 (9th Cir.2000). The prosecutor explained

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Mr. Rodriguez's "bad experience with the immigration service" and his minimal "stake in the community" made him an unappealing juror. Nothing suggests this explanation is pretextual. The record supports it, and comparative juror analysis reveals that no other potential juror possessed "comparable characteristics." *Cf. United States v. Alanis,* 335 F.3d 965, 969 (9th Cir.2003) (finding purposeful discrimination when a prosecutor struck men from a jury but included women "who possessed the same objective characteristics ... claimed ... objectionable in the men"). None of the other prospective jurors had faced "many" instances of harassment by border agents leading to an admitted "personal gripe." None was unmarried, childless, and unemployed—even if others shared some of these traits individually.

Ultimately, whether a *Batson* challenger prevails at the third stage of the analysis depends in large measure on the trial court's assessment of prosecutorial credibility. *See Williams v. Rhoades,* 354 F.3d 1101, 1109 (9th Cir.2004). This is a factual finding to which we ordinarily accord "great deference." *Id.* If deference is ordinarily appropriate, then the Tiroudas have not provided enough evidence to suggest that this case is extraordinary. *See Burks v. Borg,* 27 F.3d 1424, 1430 (9th Cir.1994) (finding that "relatively weak evidence of discrimination" makes it easier for this court to affirm a trial court's acceptance of a prosecutor's *Batson* explanation). The district court properly denied the Tiroudas' *Batson* challenge based on its finding of no discriminatory intent. *United States v. Steele,* 298 F.3d 906, 910 (9th Cir.2002).

**AFFIRMED.**